**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

CRANDALL JAMES                                                                    PETITIONER

V.                                                                    NO. 4:21-CV-97-DMB-DAS

SUNFLOWER COUNTY
SHERIFF, et al.                                                                    RESPONDENTS

<u>**OPINION AND ORDER**</u>

After Crandall James filed a pro se petition for a writ of habeas corpus under 28 U.S.C. §

2241, the State of Mississippi moved to dismiss the petition for failure to state a claim or failure

to exhaust.  Because the Court finds that James' claims are unexhausted, the motion will be granted

to the extent it seeks dismissal for failure to exhaust.

**I**
<u>**Background and Procedural History**</u>

On February 23, 2021, Crandall James was arrested and booked into the Sunflower County

Jail on charges of aggravated assault and possession of a firearm by a convicted felon.  Doc. #12-

1 at PageID 62.  At James' initial appearance two days later, a Sunflower County Municipal Court

judge set James' bail at $250,000.00 and scheduled his preliminary hearing for March 15, 2021.

Doc. #12-2.  The same day, Sunflower County Circuit Court Judge Ashley Hines appointed

Neysha Sanders to represent James on the pending charges.  Doc. #12-3.  Sanders entered an

appearance in the circuit court the next day.[1]  Doc. #12-4.

James was released "on extradition" from the Sunflower County Jail on April 20, 2021,

and transported to the Florida Department of Corrections.  Doc. #12-1 at PageID 63.  On June 25,

---

[1] Sanders also filed a motion for discovery.  Doc. #12-5.

2021, James was arrested again[2] and booked into the Sunflower County Jail on a charge of "aggravated assault-use of deadly weapon or other means." *Id.* at PageID 64. A little over a month later, on July 27, 2021, Judge Hines appointed Jacqueline Smith to represent James. Doc. #12-7. Two days later, James was released from the Sunflower County Jail and "turned over to U.S. Marshals." Doc. #12-1 at PageID 65.

During the Sunflower County Circuit Court's June 2021 term, a grand jury indicted James on two charges—aggravated assault and felon in possession of a firearm—for events occurring "on or about the 19th day of February, 2021." Doc. #12-6. On August 9, 2021, the indictment was filed in the Sunflower County Circuit Court. *Id.* The same day, the circuit court issued a capias commanding the sheriff to take James into custody and ordering James to appear for arraignment on September 13, 2021. Doc. #12-8. The circuit court also reduced James' bond to an "OR Bond." Doc. #12-9. The capias was served on James on August 16, 2021. Doc. #12-11.

On or about August 13, 2021, James filed in the United States District Court for the Northern District of Mississippi a pro se handwritten "Motion to Proceed In Forma Pauperis" which referenced "filing a 28 USC § 2241 motion." Doc. #1. Construing the motion as one for a writ of habeas corpus, United States Magistrate Judge David A. Sanders ordered James to submit an amended petition on the Court's standard form. Doc. #3.

James submitted his amended petition on or about August 27, 2021, raising three grounds: (1) the State failed to give him a "preliminary hearing/evidentiary hearing within statute of limitation time frame;" (2) his right to "a fair and reasonable bond" was violated because "[b]ail was set at $250,000.00;" and (3) he has received "ineffective assistance of counsel" because he

---

[2] James represents that he "finished [his] sentence in the Florida Department of Corrections." Doc. #14 at 3.

has not seen or spoken with his appointed attorney.[3] Doc. #7 at 7. As relief, James asks for "some form of release … to properly prepare [himself] and hire counsel to defend [himself]," dismissal of the state charges, and "injunctive relief." *Id.* at 8.

On November 8, 2021, after being ordered to respond,[4] the State filed a motion to dismiss James' petition for failure to state a claim or, in the alternative, failure to exhaust state court remedies. Doc. #12. James filed a response, Doc. #14, and the State filed a reply, Doc. #15. James also filed a "Closing Statement and Argument: Reply to Respondents Response from December 6, 2021." Doc. #17.

On April 15, 2022, the State filed a supplement to its motion to dismiss to "advise the Court of developments in [James'] Sunflower County Circuit Court proceedings and … to confirm that the recent activity … does not alter [its] position in this federal habeas case." Doc. #21 at 4. The supplement states that James was "transported back to Sunflower County and arraigned on his pending state charges." *Id.* at 5; *see* Doc. #21-2. The State also represents in the supplement that James filed a pro se "Motion for Speedy Trial"[5] which was "still pending before the Sunflower County Circuit Court, as of the filing of th[e] Supplement." Doc. #21 at 6–7.

## II
## Analysis

Because James has not yet been convicted in state court, he properly brings his petition as a pretrial detainee under 28 U.S.C. § 2241. *See Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions … are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the

---

[3] James' original filing raised the same grounds. *See* Doc. #1 at PageID 2.

[4] Doc. #8.

[5] Doc. #21-8.

present status of the case pending against him."). In *Braden v. 30th Judicial Circuit Court of Kentucky*, the United States Supreme Court held that a pre-trial detainee has a right to seek federal habeas corpus relief but that such "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." 410 U.S. 484, 488–89 (1973).

Generally, there are two types of relief sought by a prisoner who seeks pretrial federal habeas corpus relief:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976); *see Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) ("Section 2241's text does not require exhaustion. However, it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention.").

Here, James asks for "some form of release" and dismissal of the state charges against him. Doc. #7 at 8. Because it appears James is attempting to "abort" or "disrupt" the normal and "orderly functioning of state judicial process," no federal intervention is warranted unless he can show that "special circumstances" exist. *See Dickerson*, 816 F.2d at 226 ("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."). The Fifth Circuit appears to "ha[ve] not clarified what 'special circumstances' might warrant an exception from this rule"[6] but the United States Supreme Court "has explained that the

---

[6] Since *Hartfield* was decided, this Court has recognized that "[s]pecial circumstances are those on which a federal court cannot await a final ruling by a state court, because the integrity of a federal right is threatened." *Wilson v.*

Speedy Trial Clause does not encompass a right not to be tried." *Hartfield v. Osborne*, 808 F.3d 1066, 1070 (5th Cir. 2015) (cleaned up) (citing *United States v. MacDonald*, 435 U.S. 850, 861 (1978)). To the extent James argues his right to a speedy trial constitutes a special circumstance warranting federal intervention in the form of dismissal, his argument fails.

To the extent James seeks to enforce his speedy trial rights, he has not shown that he exhausted his state court remedies by "plac[ing] his constitutional claims squarely before the state court." *Easterly v. Smith*, 30 F.3d 1491 (5th Cir. 1994) (per curiam). Although James did file a motion for speedy trial in the state court, this single filing is insufficient to satisfy the exhaustion requirement. *See id.* (affirming dismissal for failure to exhaust where petitioner alleged that "on one occasion, he moved in state court for a fair and speedy trial, and that the court's decision was 'unknown'"). Similarly, nothing in the record indicates that James made any attempt to bring his preliminary hearing, ineffective assistance, or bond claims[7] before the state court. Accordingly, he has failed to exhaust his claims and dismissal is proper.[8]

### III
### Conclusion

The State's motion to dismiss [12] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal for failure to exhaust. It is DENIED in all other

---

*Washington Cnty.*, No. 4:20-cv-158, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (cleaned up) (collecting cases).

[7] Because James does not dispute that his bond has been reduced since the filing of his petition such that there does not appear to be an "actual case or controversy" as required for this Court to maintain jurisdiction, the bond claim is properly dismissed without prejudice as moot. *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020); *McBride v. Lumpkin*, No. 19-51160, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (dismissal without prejudice proper where petition was moot).

[8] Because James' petition is brought under § 2241, the Court need not address whether a certificate of appealability is warranted. *See Montano*, 867 F.3d at 547 n.8 ("Because Montano is correctly proceeding under 28 U.S.C. § 2241, a certificate of appealability is not required.").

respects. James' petition for a writ of habeas corpus [1], as amended [7], is **DISMISSED without prejudice**. A separate judgment will be issued accordingly.

       **SO ORDERED**, this 2nd day of August, 2022.

                       **/s/Debra M. Brown**
                       **UNITED STATES DISTRICT JUDGE**